UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MICHAEL LEVITIAN,                              :

                Plaintiff,        :

         -against-                            :         MEMORANDUM DECISION
                                                                     AND ORDER
SUN LIFE AND HEALTH INSURANCE    :         09 Civ. 2965 (GBD)(FM)
COMPANY (U.S.),
                                              :
                Defendant.
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

GEORGE B. DANIELS, District Judge:

      Plaintiff Michael Levitian seeks to recover attorneys' fees and costs incurred in prosecuting the above-captioned case, in addition to prejudgment interest. Plaintiff originally brought suit in 2009, alleging that Defendant owed him disability benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), *29 U.S.C. 1132(g)(1)*, *et seq*. The Court granted Plaintiff's motion for summary judgment in part, ordering Defendant to reinstate Plaintiff's benefits and to award him back benefits with interest, but denying Plaintiff's request for attorneys' fees (ECF No. 38). The Second Circuit affirmed the Court's decision in part, holding that Defendant's denial of Plaintiff's disability benefits was capricious, but remanded the case for a new determination as to whether Plaintiff should be entitled to attorneys' fees. *Levitian v. Sun Life & Health Ins. Co.* (U.S.), 486 F. App'x 136, 141 (2d Cir. 2012).[1] The Court referred the matter to Magistrate Judge Frank Maas for his Report and Recommendation. In his

---

[1] The Second Circuit held that, under *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 130 S.Ct. 2149 (2010), the five factor test in *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987), must not be the sole consideration in the Court's determination of whether to award attorneys' fees. *Id*.

1

Report, Magistrate Judge Maas recommended that Plaintiff be awarded attorneys' fees and expenses in the amount of $219,885.76.[2]

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. *28 U.S.C. § 636(b)(1)(C)*. When parties object to the Report, the Court must make a *de novo* determination of those portions of the Report to which the objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See Fed. R. Civ. P. 72(b)*; *28 U.S.C. § 636(b)(1)(C)*. The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 2005) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When the parties make no objections to the Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his Report, Magistrate Judge Maas advised the parties that, pursuant to 28 U.S.C. § 631(b)(1) and Federal Rule of Civil Procedure 72(b), failure to file timely objections to the Report would result in waiver of objections and preclude appellate review. No party objected to the Report. As there is no clear error on the face of the record, this Court adopts Magistrate Judge Frank Maas's Report in its entirety.

---

[2] This represents $219,192 in attorneys' fees ($105,906 for Scott Riemer, $20,039.60 for attorney Joseph Anci, $46,005.40 for attorney Dean Sullivan, $39,888 for attorney Sharon H. Lee, $6,136.20 for paralegal Ellen Mayer, and $1,216.80 for paralegal Audrey Beerman) and $693.76 in out-of-pocket costs.

**Attorneys' Fees & Costs**

In any action brought under ERISA, the Court has discretion to award reasonable attorneys' fees and costs of action to either party. *See 29 U.S.C. § 1132(g)(1)*. A fee claimant need not be a "prevailing party" to be eligible to recover attorney's fees, but need only show that it has received some degree of success on the merits. *Hardt*, 130 S. Ct. at 2156, 2159. The Court is not required to award fees simply because the fee claimant has demonstrated some success on the merits. *Toussaint v. JJ Weiser, Inc.*, 648 F.3d 108, 110 (2d Cir. 2011). Magistrate Judge Frank Maas properly determined that since Defendant has been ordered to reinstate Plaintiff's benefits and to pay back benefits with interest, Plaintiff has clearly achieved some degree of success on the merits and is therefore eligible to recover reasonable attorneys' fees and costs.

Further, under *Hardt*, if a showing of some success on the merits is made, courts may, but are not required to, apply the *Chambless* factors. *Id.* Magistrate Judge Frank Maas correctly concluded that the *Chambless* factors support the awarding of attorneys' fees to Plaintiff on the present facts. First, the culpability factor of *Chambless* is satisfied by the findings by this Court and the Second Circuit that Defendant's denial of Plaintiff's benefits was arbitrary and capricious. Second, Defendant has conceded in prior briefings that it is able to satisfy an award of fees. Third, granting Plaintiff a fee award in this case would deter insurers generally from denying legitimate benefit claims. *See Anderson v. Sotheby's, Inc.*, No. 04 Civ. 8180 (SAS), 2006 WL 2637535, at *4 (S.D.N.Y. Sept. 11, 2006); *Veltri v. Building Service 32B-J Pension Fund*, No. 02 Civ. 4200 (HB), 2004 WL 856329, at *3 (S.D.N.Y. April 20, 2004). Fourth, Defendant concedes that the relative merits of the parties' positions favor the Plaintiff. *Opp. Mem.*, p. 5 (ECF No. 63). Fifth, while the likely deterrence effect of granting Plaintiff a fee

3

award cannot be found to confer a common benefit on other pension plan participants, this does not preclude an award of attorney's fees. *See Locher v. Unum Life Ins. Co. of Am.*, 389 F.3d 288, 299 (2d Cir. 2004).

Magistrate Judge Frank Maas' calculations of the amount of attorneys' fees owed using the "presumptively reasonable fee" approach was also proper. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008). Defendant challenged the amount of fees sought on the grounds that Reimer LLC's rates are excessive and unreasonable. *Opp. Mem. at 12-13* (citing Alfano v. CIGNA Life Ins. Co. of N.Y., No. 07 Civ 9961 (GEL), 2009 WL 890626, at *4 (S.D.N.Y. Apr. 2, 2009)). Magistrate Judge Frank Maas' 30% deduction from the hours that Reimer LLC billed because of excessive and unreasonable entries was an acceptable method of "trimming fat from a fee application." *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (internal quotations omitted); *accord Torres v. Gristede's Oper. Corp.*, __ F. App'x __, 2013 WL 2257859, at *2 (2d Cir. May 22, 2013).

Furthermore, Magistrate Judge Maas' recommendation that Defendant reimburse Plaintiff for the $693.76 in out-of-pocket costs was also proper. ERISA mandates an award of reasonable costs. *29 U.S.C. § 1132(g)(2)(D)*. An award of Plaintiff's costs would be reasonable in the present case, where Plaintiff requests reimbursement for postage, photocopies, and research costs expended on the case. Defendant does not dispute Plaintiff's claim for these costs.

### Prejudgment Interest

Finally, Magistrate Judge Maas' recommendation that Plaintiff be awarded prejudgment interest on his back benefits at the rate of nine percent per annum was proper. "[W]hile there is no applicable federal statute establishing a prejudgment interest rate, New York has adopted a

statutory prejudgment interest rate of 9%, thus making an objective legislative judgment that 9% is an appropriate rate." *Alfano*, 2009 WL 890626, at *7 (internal citations omitted).

## CONCLUSION

The Magistrate Judge's Report is adopted in its entirety. Plaintiff's motion for attorneys' fees and costs is GRANTED to the extent recommended by the Magistrate Judge. The Clerk of the Court is directed to enter judgment in Plaintiff's favor for attorneys' fees in the amount of $219,192 and expenses in the amount of $693.76.

Plaintiff is also awarded prejudgment interest on his back benefits at a rate of nine percent commencing from May 5, 2008, the date on which Defendant improperly discontinued Plaintiff's benefits, through the date of payment, to be calculated by the Clerk of Court.

Dated: New York, New York
      August 14, 2013

SO ORDERED:

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

5